FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2010 SEP 28 PM 2: 45

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:10-cr-007-LJM-CMM-13 |
| | ) | |
| MICHAEL E. ADKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by counsel, Timothy M. Morrison, United States Attorney

for the Southern District of Indiana, and by Bradley A. Blackington, Assistant United States

Attorney, and the Defendant, Michael E. Adkins (hereinafter identified as Adkins), in person and

by counsel, Vernon Lorenz, hereby inform the Court that a Plea Agreement has been reached in

this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and the following are its

terms and conditions:

1.      Adkins will plead guilty to the Count One of the Indictment, which charges

Adkins with the offense of conspiracy to distribute 50 grams or more of a mixture or substance

containing a detectable amount of methamphetamine, a Schedule II, Non-Narcotic Controlled

Substance, a lesser included offense of conspiracy to distribute 500 grams or more of a mixture

or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §

846, a felony offense.  Because the defendant has one prior felony drug conviction and the

government has filed an Information pursuant to 21 U.S.C. § 851(a)(1), this offense may be

punished by a prison term of not less than 10 years and not more than life imprisonment, a period

**SCANNED**

of supervised release of not less than 8 years, and a fine of up to $2,000,000. The elements of

conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable

amount of methamphetamine are that the conspiracy to distribute 50 grams or more of a mixture

or substance containing a detectable amount of methamphetamine existed and that Adkins

knowingly and intentionally became a member of the conspiracy.

## GENERAL PROVISIONS

2.      Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that

a sentence of 150 months' imprisonment and a term of supervised release and fine as imposed by

the Court is the appropriate disposition of the case.

3.      The defendant understands that the plea agreement terms and conditions as set

forth above are binding and that the applicability of a fine as to the offense to which the

defendant is pleading is within the discretion of the Court.

4.      The parties to this agreement acknowledge and understand that while the Court is

not a party to this agreement, in the event the Court determines the sentence should not be as set

forth herein and therefore rejects the plea agreement, the Court will so advise the defendant, who

may then withdraw his plea of guilty, pursuant to Fed. R. Crim. P. 11(c)(4).

## SPECIFIC PROVISIONS

5.      Adkins agrees to provide all requested financial information to the Financial

Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use

in the collection of any fines or restitution imposed by the Court.

6.      Adkins acknowledges and agrees that nothing in this agreement shall protect him

in any way from prosecution for any offense not specifically covered by this agreement.

2

7.      Adkins will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

8.      At the time of sentencing, the government will make known to the Court the nature, extent and timing of the acceptance of responsibility demonstrated by Adkins, as well as the nature, extent and timing of his cooperation with the government and other law enforcement authorities.

9.      At the time of sentencing, the parties reserve the right to present evidence and arguments on all sentencing issues not specifically addressed in this Plea Agreement.

### APPELLATE WAIVER

10.      Adkins understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right and in exchange for the government's agreement to permit Adkins to plead guilty to a lesser included offense and enter into a binding plea agreement to a sentence of 150 months' imprisonment, Adkins expressly waives his right to appeal the conviction and any sentence imposed on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, Adkins expressly agrees not to contest, or seek to modify, his conviction or his sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255.

### SENTENCING GUIDELINES STIPULATIONS

11.      Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the

parties but are only a recommendation to the Court and that the Court will determine the advisory

sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any

factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and

that such determination will be made by the Court.

   a.  The base offense level for the offense charged in Count One of the Indictment is

30, pursuant to U.S.S.G. § 2D1.1(c)(6).

   b.  To date, Adkins has demonstrated a recognition and affirmative acceptance of

personal responsibility for his criminal conduct and timely provided complete information to the

government concerning his own involvement in the offense.  In the event he continues to accept

responsibility, he is entitled to a two level reduction, pursuant to U.S.S.G. § 3E1.1(a).

   c.  By entering into this plea agreement and filing a petition to enter a plea of guilty

in this case, Adkins has timely notified authorities of his intention to enter a plea of guilty, and

has thereby permitted the United States to avoid preparing for trial and permitted the United

States to allocate its resources effectively.  In the event he continues to accept responsibility, at

the time of sentencing, the United States will file a motion that informs the Court of the same,

and enables the Court to decrease Adkins's offense level by one additional level, pursuant to

U.S.S.G. § 3E1.1(b).

   d.  The parties further acknowledge and agree that, in the event a guidelines

calculated sentence falls below a statutory mandatory minimum term of imprisonment, the

statutory minimum term becomes the guideline sentence, pursuant to U.S.S.G. § 2D2.1

commentary and § 5G1.1(b).  Absent a statement of substantial assistance being filed by the

government pursuant to U.S.S.G. 5K1.1, 18 U.S.C. § 3553(e) or the applicability of U.S.S.G. §

5C1.2, the Court cannot sentence below a statutory mandatory minimum term of imprisonment.

## FINAL PROVISIONS

11.     The terms of this agreement shall not be binding on the Office of the United States Attorney for the Southern District of Indiana nor upon Adkins until signed by him and defense counsel and by counsel for the government.

12.     Adkins acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce Adkins to plead guilty. This document is the complete and only plea agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

TIMOTHY M. MORRISON
UNITED STATES ATTORNEY

9/28/10
DATE

Bradley A. Blackington
Assistant United States Attorney

9/28/10
DATE

Josh J. Minkler
Lead OCDETF Attorney

5

9·15·10

_____
DATE

michael   ~~Donald~~ E. Adkins
Defendant

9-15-10

_____
DATE

Vernon Lorenz
Attorney for Defendant

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 10 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

9-15-10
DATE

Michael ~~Donald~~ E. Adkins
Defendant

7